# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## BOWMAN v. WOLFORD.

### FEBRUARY 5th, 1885.

1. SPECIFIC PERFORMANCE—*Parol contracts.*—B. by parol contract sells
   W. an acre of woodland for $30, to be paid in three years, in work, and
   puts him in possession.  W. clears the land and builds on it a dwelling,
   which with his family he continues to occupy, and in work paid B. the
   purchase-money.

HELD:

   W. is entitled to a conveyance in specific performance of the sale of
   the land.

Appeal from decree of circuit court of Rockingham county,
rendered April 25th, 1884, in the chancery cause of John Wol-
ford against Joseph M. Bowman for specific performance of a
parol sale of one acre of woodland.   The decree being against
the defendant, he obtained an appeal to this court.

Opinion states the case.

*Strayer & Liggett*, for the appellant.

*G. W. & B. R. Berlin*, for the appellee.

HINTON, J., delivered the opinion of the court.

This case was submitted at the late session of this court at
Staunton and brought here for decision.

It is an appeal from a decree enforcing specific execution of
an alleged parol agreement for a sale of land.

The bill alleges that the plaintiff, John Wolford, purchased, in March 1880, of the defendant, Joseph Bowman, one acre of woodland, situated in the county of Rockingham, Va., in what is known as the "Meadows," for thirty dollars, payable in three years, and promised the plaintiff, who is an illiterate man, unable to read or write, to have the contract of sale reduced to writing, which was never done. It further alleges that Bowman put the plaintiff in possession of the said acre of woodland; that the plaintiff cleared it off; built a log-house upon it; enclosed it with a good fence, and has lived in the house with his wife and children ever since the spring of 1880; and has fully paid Bowman the purchase money in work performed for him. And, that nothwithstanding he has done all that was agreed to be done on his part, Bowman refuses to execute a deed to him for the said lot of land.

To this bill the defendant filed an answer, in which he denies that there ever was any such contract as that stated by the plaintiff; and says that the true contract between them was: "That respondent was to let the complainant have the said property for two years, free of rent, for putting up a house thereon; and if at the end of said two years, he could pay $30, he, the complainant, should have the property." That although the said two years have long since expired, he has never paid said sum of thirty dollars. And the answer then adds: "This respondent *has been informed* that he agreed to give complainant *three* years to pay for said property. If this be true, the complainant is indebted to the respondent for rent of said property only from February, 1882, none of which rent has ever been paid, and for which respondent claims he is entitled to the sum of $15, as of February, 1883."

Now the first observation that I have to make in the case is, that the answer, although it is sufficiently explicit and positive in its denial that there was any such contract as that stated by the plaintiff, is not entirely consistent with itself in its statement of the contract, as stated by the defendant; for the positiveness of

the statement that he was to let the plaintiff have the lot of land for *two* years free from rent for putting up a house thereon is certainly very much qualified and weakened by the succeeding statement that the defendant is *informed that he agreed to give the plaintiff three years to pay for the property,* and that *if this be true,* the plaintiff will only owe him rent from February 1883. And if the decision of the case depended upon the weight to be attached to this portion of the answer, it would be a matter of nicety and difficulty to determine the exact extent to which the positive statement of the defendant as to what constituted the contract between the parties was impaired by the subsequent inconsistent admission. *Countz* v. *Geiger,* 1 Call. 190; *Fant* v. *Miller & Mayhew,* 17 Gratt. 210; *Powell and wife* v. *Manson,* 22 Gratt. 185; *Jones* v. *Abraham,* 75 Va. R. 470. But this portion of the answer consists of affirmative matter, and being unsustained by the evidence in the cause, may be laid out of view, except in so far as the partial admission of the defendant that the plaintiff was to have *three* instead of two years, as he had at first stated, within which to pay for the land may tend to corroborate the plaintiff's account of the contract.

The questions for the court then are, did Wolford make the contract for the purchase of the lot of land set out in his bill; and if so, did he fully pay the purchase price within the required period. Upon these points the evidence leaves little room for even doubt. For the testimony of both the witness Kline and the plaintiff, which it is unnecessary to detail, taken in connection with the admission of the defendant in his deposition, that there was a sale; and the admission in his answer, that three years was the period allowed the plaintiff within which to pay, fully establish the contract as set out in the bill; whilst the admission of the defendant, made to the witness Kline since the institution of the suit, that he still owed the plaintiff Wolford eighteen dollars, taken in connection with the erroneous charges of $5.40 and $4 made against the plain-

tiff for interest and logs, and augmented by the proper credits for services which the defendant admits he received, will equally establish that the lot of land has been fully paid for. It is unnecessary to say more.

The decree of the circuit court of Rockingham county is plainly right, and must be affirmed.

DECREE AFFIRMED.